DAVID TOZER v. OCEAN ACCIDENT & GUARANTEE CORPORATION,
LIMITED.[1]

May 12, 1905.

Nos. 14,241—(56).

**Insurance—Employer's Liability.**

An indemnity insurance contract provided that appellant would com-
pensate respondent on account of bodily injuries accidentally suffered by
his employees, not to exceed $5,000 in any one case; that respondent should
give immediate notice of all claims growing out of an accident, not in-
terfere with negotiations for settlement by appellant, render appellant as-
sistance in the conduct of litigation, procure witnesses, and furnish bonds
upon appeal—appellant agreeing, at its own cost, to defend, in the name
of respondent, all proceedings, and have the absolute right to deter-
mine the right of appeal. An action having been commenced against re-
spondent for damages occurring to a boy claimed to have been employed
by him contrary to law, respondent gave notice to appellant of the pend-
ency of the action, and of all of the known facts in connection there-
with, and surrendered the defense into its hands. Appellant thereupon
took charge of the case, conducted the litigation, which resulted in a
judgment against respondent, and prosecuted an appeal in the appellate
court, which resulted in an affirmance of the judgment. Thereupon re-
spondent made demand upon appellant for the amount of the indemnity,
which was refused.

1. *Held*, appellant, having been informed of all the facts, and voluntarily
assumed control of and conducted the litigation, was estopped from deny-
ing its liability under the contract of indemnity, notwithstanding the
contract provided that there should be no liability on the part of appel-
lant in case of injuries to any child employed by respondent contrary to
law.

2. *Held*, the complaint states a cause of action.

Action in the district court for Washington county to recover $5,-
219.07 upon an employer's liability insurance policy. From an order
Williston, J., overruling a general demurrer to the complaint, defend-
ant appealed. Affirmed.

[1] Reported in 103 N. W. 509.

*Morton Barrows,* for appellant.

A provision in a policy of personal accident insurance exempting the company from liability while the insured is engaged in violating the law, is available in defense only where it appears that the unlawful character of the act exerted a direct causative influence on the injury. Conboy v. Railway, 17 Ind. App. 62. In the case cited, and similar cases, the contract expressly covered the person or subject-matter, but avoided the liability while he was violating the law. In the case at bar, Perry never at any time came within the terms of the contract, for he was at all times illegally employed.

The doctrine of practical construction has no application to this case. The meaning of the exclusionary clause is not doubtful or ambiguous, but is as clear as words can make it. When there is no ambiguity, and when the words are capable of but one construction, the subsequent conduct of the parties, showing their construction of the language, will not be considered by the court in determining the meaning of the language used. 1 Greenleaf, Ev. (12th Ed.) § 274; Northern Assur. Co. v. Grand View Bldg. Assn., 183 U. S. 308, 318; Hill v. Duluth City, 57 Minn. 231; Western v. Missouri, 91 Ill. App. 28; Methodist v. Ashtabula, 20 Ohio C. C. 578; Howell v. Johnson, 38 Ore. 571.

Defendant has not by its acts made itself liable to plaintiff on the theory of estoppel. An estoppel does not in itself give a cause of action. It prevents a person from denying a certain state of facts. Seton v. La Fone, 19 Q. B. Div. 70. The law of estoppel rests on the major premise: That a duty exists to observe an appropriate measure of prudence to avoid causing harm to others. The common-law duty to exercise care to avoid doing harm to others may be derived from the ownership, custody, control or use of instrumentalities which may of necessity, or in reasonable probability, inflict damage. 2 Jaggard, Torts, 865; Stephen, Dig. Law Ev. (2d Ed.) 184; Ewart, Est. 12, 19, 28, 68; Jorden v. Money, 5 H. L. Cas. 185. An estoppel in pais arises when one by his acts or representations, or by his silence when he ought to speak out, intentionally or through culpable negligence, induces another to believe certain facts to exist, and such other rightfully acts on the belief so induced, in such manner that if the former be permitted to deny the existence of such facts it will prejudice the latter. Pence

v. Arbuckle, 22 Minn. 417, 420; Norman v. Eckern, 60 Minn. 531; Fitzpatrick v. Hanson, 55 Minn. 195; Plummer v. Mold, 22 Minn. 15; Western Land Assn. v. Banks, 80 Minn. 317, 320; 11 Am. & Eng. Enc. (2d Ed.) 421; Bigelow, Est. 473; 1 Story, Eq. Jur. § 199.

In the law of estoppel, nothing is better settled than this: That a party is not estopped by a statement of a conclusion of law upon undisputed facts. Thus, where a representation was made by a person under misapprehension in law of her title, which misapprehension was common to all parties, the doctrine of estoppel in pais did not apply. Estis v. Jackson, 111 N. C. 145; Holcomb v. Boynton, 151 Ill. 294; Plummer v. Mold, supra. No one is to be estopped from asserting a fact, unless there has been some prior misrepresentation of that fact, upon the faith of which some person has changed his position. Ewart, Est. 12.

*J. N. Searles,* for respondent.

LEWIS, J.

Demurrer to a complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

Appellant company entered into a contract of insurance with respondent whereby it agreed to compensate respondent for any loss from the common-law or statutory liability for damages on account of bodily injuries accidentally suffered by his employees. The contract, which is made a part of the complaint, among other things provided that the corporation would pay the assured, subject to certain conditions: (a) The full amount of such sum for which a settlement might be effected by the corporation's representative; (b) eighty per cent. of such sum for which the assured shall, in his discretion, effect a compromise with the injured person, when, in the judgment of the assured, he is legally liable for the injury, subject to certain conditions unnecessary to set out; (c) eighty per cent. of all medical, surgical, and all other expenses for which the assured should render himself liable; (d) the full amount of such sum as the assured shall pay upon a judgment recovered against him after final determination of the litigation; the total liability being limited to $5,000. The contract further provides that the assured shall, upon the occurrence of an accident, give immediate notice thereof, with all the information obtainable, to defendant,

and of all claims on account of any accident that may be rendered against the corporation, and give all co-operation and assistance in his power, and that the assured shall not interfere with any negotiations for settlement which the corporation may be conducting, or in any legal proceedings, without the corporation's consent. The assured shall also, when requested, aid in securing information, evidence, and attendance of witnesses, and in effecting settlements, conducting the litigation, and furnishing bonds or undertakings on appeal. The assured is also required, if an action is brought against him for damages on account of an injury covered by the policy, to immediately forward to the head office of the company every summons as soon as served upon him; and defendant company agrees, at its own cost, to defend against all such proceedings in the name and on behalf of the assured, and shall have the absolute right to determine whether the appeal shall be taken from any judgment or order.

The policy contained the following clause: "This policy does not cover any loss from liability for injuries to, or caused wholly or in part by, any child employed by the assured contrary to law."

The complaint then states that, while the contract was in force, respondent employed a minor fourteen years old, James Elmer Perry, who during such employment was injured by having his foot caught in the machinery, which resulted in an amputation of the leg; that he had been employed contrary to the provisions of chapter 171, p. 386, Laws 1895, which require respondent to procure and keep on file a certificate from the school superintendent and school board permitting such employment.

It is alleged that immediately after respondent gave notice of the accident to appellant, with all the information obtainable, as required by the contract, appellant inquired into and ascertained the facts and circumstances of the employment and the accident, and the nature and character of the claim, and thereupon advised respondent that he was not liable therefor, and informed him that it would take up and conduct negotiations in the matter of the claim with Perry's attorney, and give it such further attention as it might require, and requested respondent to furnish appellant with an itemized statement of the time and wages of the boy and his father, as the same appeared upon the payroll, all of which was duly furnished by respondent. It is then al-

leged that the boy, through his guardian, brought action against respondent in the district court to recover damages for his injuries, on the ground of negligence on the part of plaintiff in failing to furnish him with a safe place in which to work and with suitable appliances, and in neglecting to warn him of the danger of working around the machinery, and, further, that the employment was contrary to law.

The complaint further states that the summons and complaint in the action were duly served upon respondent, who thereupon gave notice thereof to appellant, as required by the contract, and immediately forwarded to its head office the summons and complaint, and surrendered full control of the defense to appellant, all in accordance with the terms of the policy; that defendant accepted the control and defense of the action in the full belief on the part of both respondent and appellant that the claim so made against respondent was a loss within the terms of the policy; that, with full knowledge of the nature and character of the claim, appellant assumed the defense of the action, and employed an attorney, who conducted the defense in the name of plaintiff, as provided by the contract; that the cause came on for trial, and resulted in a verdict for the boy of $7,750. One of the issues presented by the pleadings and submitted at the trial was whether the boy had been employed by respondent contrary to law, and the trial court instructed the jury that such employment was illegal.

Appellant moved for a new trial of that action, which being denied, appeal was taken to this court, for which purpose respondent executed a certain indemnity security bond for the benefit of appellant upon such appeal. The action was duly prosecuted upon appeal, and the order of the trial court was affirmed denying the motion for a new trial, and judgment was thereupon entered in the district court for $8,269.12, of which amount appellant's attorney agreed to pay $5,000, provided respondent should pay the judgment in full; that thereafter the judgment was paid by respondent, and fully satisfied, and demand was made upon appellant company for $5,000, with interest, which is refused upon the ground that no liability attached under the provisions of the contract on account of such accident.

The complaint also alleges that, prior to the commencement of the action for damages, Perry, through his attorney, informed appellant, through one of its adjusters, who had in charge the adjustment of the

claim, that he would settle and discharge respondent from all liability for $5,000; that appellant refused the offer, and never advised respondent that it had been made; and it is averred that, had appellant informed respondent of the fact that it denied liability to respondent under the terms of the policy, then, had it been necessary, respondent would have taken control of the matter and settled the case for $5,000.

The trial court sustained the complaint, and respondent justifies the decision upon the following grounds: First, that the clause with reference to employment of children contrary to law should be construed as though it read, "This policy does not cover any loss from liability for injuries to any child employed by the assured contrary to law, which is the proximate result of his employment contrary to law;" second, that the clause referred to is ambiguous, and the parties to the policy adopted a practical construction thereof to the effect that the employment was not necessarily illegal, and consequently that appellant was liable under the policy; third, that appellant, by its conduct, waived the right to claim the policy did not extend to the loss sustained by respondent in the suit brought by Perry, and that appellant is estopped by its conduct from denying its liability under the policy.

These propositions are vigorously assailed by appellant, and we consider the first and second positions of respondent untenable. We are not inclined to the view that the condition proposed by respondent should be read into the clause in question. The clear intent of the language is that, where a child was employed by the assured contrary to law, there should be no liability on the part of appellant, and whether such child should be employed contrary to law did not depend upon whether or not the injuries sustained were the proximate result of such illegal employment. We do not regard the language of the clause in the policy referred to as ambiguous, and hence the subsequent conduct of the parties is not to be accounted for upon the theory of practical construction.

But the third position taken by respondent is sound. The complaint sufficiently sets forth facts which create an estoppel in pais. In other words, appellant, by its conduct with reference to the litigation, is estopped from denying its liability under the terms of the policy. It is alleged that both parties assumed appellant was liable in indemnity; but the question of estoppel is not necessarily determined by the fact

that they were mistaken as to the law. The position of respondent, as the insured party, did not prevent him from taking the most favorable view of the facts likely to be developed at the trial; and if, for purposes of its own, appellant chose to proceed as though liable upon the contract, it cannot change positions simply because it was mistaken as to the effect of the law. At the trial of the damage case the position was taken by appellant that under the statute the employment was not illegal, for the reason that the work engaged in by the boy was not of a dangerous character; and the further defense was made that there was no liability, because the boy was guilty of contributory negligence. At that time appellant was furnished all the information with reference to the accident, and, as required by the terms of the policy, three courses of action were open to it: It might have taken the position that there was no right of indemnity, even if respondent was liable; it might have taken charge of the litigation, and conducted it to a termination, for the benefit of respondent, provided he were given to understand that appellant did not consider itself bound by such conduct and liable under the terms of the policy; or appellant might have considered that there was a possible liability of indemnity, and preferred to take charge of the litigation, rather than turn it over to respondent. According to the statements of the complaint, appellant took the last course—assumed charge of the defense, submitted to the court in that action its theory of the law and facts, and attempted to sustain the position that there was no liability. Relying upon such course of conduct, respondent changed his attitude in respect to the case, and, instead of reserving to himself the right to select his own counsel, conduct a trial, or make settlement, he turned over to appellant the entire matter, and executed the surety bond at its request.

While it may be that the acts of appellant were not such as to constitute a waiver, strictly speaking, yet there was at least an election of positions; and, having pursued a course of action consistent with its liability, such conduct ripened into an equitable estoppel. No doubt appellant acted in good faith; but bad faith is not always necessary to estoppel, and it does not always follow that no estoppel will arise when the party to whom the representation is made has knowledge as to the truth of all the facts. Appellant comes within the rule that a person is precluded from taking, merely because his interests may change,

a position inconsistent with the one previously assumed by him, and to the prejudice of a third person. 1 Am. & Eng. Enc. subd. 6, p. 46.

We think the position of appellant in this case is analogous to that of a party who has taken advantage of an unconstitutional law to stay execution against him by putting up a bond. In such case it has been held that he would not be permitted to question its validity thereafter, notwithstanding that the law under which he was proceeding was afterwards declared unconstitutional. Davis v. Wakelee, 156 U. S. 680, 15 Sup. Ct. 555. In that case the following general statement was made: "It may be laid down as a general proposition that where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." So, in this case, simply because it may be for its interest, appellant will not be permitted to change its position to the prejudice of the party who acquiesced in its line of conduct. By its own election appellant put the question of indemnity at rest.

Order affirmed.

BROWN, J. (dissenting).

The court in the opinion correctly states the elements essential to give rise to an estoppel, but, as it seems to me, wholly fails to recognize the elementary rule that no person can invoke the doctrine, unless to deny him the right to do so would result in his substantial injury or damage. The doctrine of estoppel is purely equitable, and is resorted to and applied by courts of justice for the purpose of awarding redress and preventing injury, and for no other purpose. Unless injury or damage result from a reliance upon the acts or conduct of another, no estoppel arises.

In the case at bar, while the elements of an estoppel, in so far as the acts and conduct of defendant are concerned, exist, the complaint fails to show that plaintiff has been injured or damaged by a reliance thereon, except to the extent the recovery against him exceeded the settlement he could have made, had the offer for that purpose been communicated to him. It clearly appears that plaintiff was liable in the action which defendant undertook to and did defend for him under the mistaken im-

pression that the cause of action there involved came within its contract of insurance or indemnity, but that liability was not caused or in any manner created by the acts of defendant in conducting the defense. It arose solely from the negligence of plaintiff, and his wrongful act in employing the injured boy in violation of the statute, and recovery was had against him upon that ground. It should not be assumed, for the purpose of aiding plaintiff at this time, that, had he conducted the defense of the action with his own counsel, the facts creating his liability would or could have been concealed, or by other means a recovery against him prevented. It follows, therefore, that plaintiff has not been injured by the acts of defendant, and cannot invoke the doctrine of estoppel, except as already conceded—to the extent the recovery against him exceeded the offer of settlement, which he alleges he would have made, had it been communicated to him.