HUMES CONSTRUCTION CO. *vs* PHILADELPHIA CASUALTY CO.

MARCH 10, 1911.

PRESENT: Dubois, C. J. Blodgett, Johnson, Parkhurst and Sweetland, JJ.

(1)    *Liability Insurance.*

While a policy of employer's liability insurance was in effect between the parties, wherein defendant agreed to indemnify plaintiff for accidental injuries suffered by its employees, whose compensation was given in a certain schedule at any of the places mentioned in said schedule, a workman on a building, which plaintiff was constructing, was injured. Plaintiff gave defendant the required notice and after suit against plaintiff, defendant investigated the accident and considered the question whether the workman was an employee, and thereafter without reservation assumed conduct of the defence. After verdict approved by the appellate court, the court decided that the workman was not an employee of plaintiff. Defendant refused to

reimburse plaintiff for the amount of the judgment on the ground that the judgment was not covered by the policy.

One of the counts of the declaration, set out the terms of the policy, but did not allege that the workman was an employee and alleged that because of the assumption of the defence by defendant with full knowledge of the facts, it waived all right of objection that the claim was not covered by the policy:—

*Held,* that after plaintiff turned over to defendant, as a result of its conduct the complete control of the suit, defendant could not say that plaintiff was not injured thereby or that the result would have been the same if plaintiff had taken charge of the matter itself.

(2)  *Waiver.  Estoppel.*

*Held,* further that plaintiff was not restricted by the use of the word "waiver" in its count, to a recovery only in accordance with the doctrine of waiver. For if the facts show a cause of action the count should be sustained, whether the right arises from waiver, estoppel or any other established doctrine of law.

(3)  *Quasi Estoppel.*

*Held,* further, that while with exactness the conduct of defendant was an estoppel to deny liability rather than a waiver of a right, yet its liability was based on the broad equitable principle that a person with full knowledge of the facts should not be permitted to act in a manner inconsistent with his former position or conduct to the injury of another.

There is a distinction between *quasi* estoppel and estoppel by misrepresentation. The former includes the doctrine of election, the principle which precludes a party from asserting to another's disadvantage, a right inconsistent with a position previously taken by him, and certain forms of waiver.

*Held,* further that the doctrine of *quasi* estoppel was broad enough to extend the liability of the defendant beyond the terms of the policy and to furnish indemnity for loss to a person not an employee.

ASSUMPSIT.  Heard on exceptions of defendant and overruled.

SWEETLAND, J.  This is an action of the case in assumpsit based on an employer's liability insurance policy issued by the defendant ~to the plaintiff. The amended declaration contains three counts, together with the common counts.

On October 23, 1906, the defendant company which was engaged in the business of furnishing employers' liability insurance issued to the plaintiff corporation, then doing business under the name of Humes, Cruise & Smiley Co., a policy of insurance, whereby the defendant agreed to indemnify the plaintiff for one year against loss from liability imposed by

law upon the assured for damages arising solely from injuries caused by any accident and suffered by any employee, whose compensation was given in a certain schedule, at any of the places mentioned in said schedule, and also to undertake at its own cost the settlement of any claim and the defense of any suit arising from such injuries. The policy also provides that the assured shall give immediate notice to the defendant of any such accident and of any claim made as a result of it; that in case of suit being brought, all papers and information relating to it shall be given to the defendant and thereupon the defendant company "shall at its own cost, undertake on behalf of and in the name of assured, the settlement of such claim or the defense of such suit, or the prosecution of any appeal deemed advisable by the Company," and that the assured "shall not without the written consent of the Company interfere in any negotiation for settlement nor in any legal proceedings, nor incur any expenses other than for imperative surgical relief at the time of the accident."

On December 7, 1906, while this policy of insurance was in force, one Dennis A. Driscoll was injured while working on a building which the plaintiff was constructing at North Attleboro, the same being one of the places mentioned in said schedule. It appears from the testimony that Driscoll was one of seven plasterers furnished by a Mr. Cunningham to the plaintiff with the understanding that the latter should take full charge of them and pay their wages, and that Mr. Cunningham should receive fifty cents a day for the use of these men. The plaintiff paid the wages of these men, including Driscoll's, furnished them material with which to work, and through its foreman gave orders to them as to their work. The wages of Driscoll were included in the pay-roll, on the basis of which the annual premium on this policy was computed and paid. The plaintiff gave the defendant notice of the accident, and of the claim of Driscoll against the plaintiff, and of the suit subsequently brought by Driscoll against the plaintiff in the Superior Court. After Driscoll commenced suit the defendant in the case at bar investigated the accident and con-

sidered the question as to whether Driscoll was an employee of this plaintiff and was working as such at the time of the accident. After such consideration this defendant, through its attorneys, without reservation, assumed the entire conduct of the defence of the Driscoll suit in all proceedings in the Superior Court, and before this court upon exceptions. In the Superior Court the jury returned a verdict for the plaintiff Driscoll in the sum of $1,600, which verdict was approved by this court upon exceptions. In the determination of the exceptions in the suit of Driscoll against the plaintiff in the suit at bar, this court considered whether Driscoll was a fellow servant of certain employees of this plaintiff and decided that Driscoll was not an employee of this plaintiff. Upon execution this plaintiff was compelled to pay the judgment against it in the Driscoll suit. The defendant refused to reimburse the plaintiff for the amount paid upon the Driscoll judgment, on the ground that such judgment was not covered by the said policy of indemnity issued by the defendant to the plaintiff. This suit is brought on said policy for reimbursement and indemnity.

Jury trial was waived in the case at bar and it was tried before a justice of the Superior Court. Decision was rendered for the plaintiff for the full amount of its claim. The case is before this court upon exceptions to the ruling of the Superior Court upon a demurrer to the third count of the amended declaration, to the ruling of the Superior Court at the trial excluding certain testimony offered by the defendant and to the final decision of the Superior Court in favor of the plaintiff.

The third count of the amended declaration in this case, after setting out the terms of the policy upon which suit is brought, alleges the accident to Driscoll, but does not allege that Driscoll was an employee of the plaintiff at the time of the accident. Said third count further alleges that the defendant was notified of the accident and of the commencement of the Driscoll suit and "that the defendant corporation, with full knowledge of the facts of said case, and especially of the facts relating to the employment and work of the said Dennis A. Driscoll,

and without any protest or reservation whatsoever, and in accordance with the provisions of said. policy, undertook the defense of said legal proceedings in the name and in behalf of the said plaintiff corporation;" and further, "That because and by reason of the defendant's assuming full control of the defense in the said action brought by the said Dennis A. Driscoll against the present plaintiff corporation as aforesaid, with full knowledge of the facts and without protest or reservation of any kind whatsoever, the defendant corporation waived any and all right of objection that said claim and action was not covered by the said policy and the said defendant corporation should not now be permitted to disclaim liability under the aforesaid policy of insurance because the said Dennis A. Driscoll, at the time of the aforesaid accident, was not an employee of the plaintiff corporation, or because of any other reason whatsoever."

The defendant demurred to said third count on several grounds, all based upon the fact that it does not appear by the count that Driscoll was at the time of the accident an employee of the plaintiff corporation or that Driscoll's claim was covered by said policy.

By the allegations of said third count the relation of this plaintiff and defendant with regard to the Driscoll suit arose entirely from said policy of indemnity. The defendant's obligation under said policy was to indemnify the plaintiff against loss from liability imposed by law upon it for damages arising from injuries caused by accidents to its employees. When the said Driscoll was injured the defendant was notified of that fact and later of his suit against the plaintiff. The question then arose and was considered by these parties, whether Driscoll was or was not an employee of the plaintiff. All the facts as to the employment and work of Driscoll at the time of the accident to him were fully disclosed to the defendant. If the defendant was then in doubt as to its liability to indemnify the plaintiff for loss arising from the Driscoll suit, it might have taken the position that Driscoll was not an employee of the plaintiff, have refused to assume the defence of his suit

against this plaintiff and have awaited the result; thus leaving the plaintiff free to defend the suit in its own way through its own attorney or to compromise the same, as it might desire or might be able; or the defendant might have endeavored, by some agreement with the plaintiff, to have been permitted to assume the conduct of the defence of said suit on condition that it should not thereby be considered to have enlarged its obligation or liability under the policy, in the event of a final decision that Driscoll was not an employee of the plaintiff. The defendant, however, without reservation, and with an apparent admission of liability in the premises, did take upon itself in behalf of this plaintiff the conduct of the defence of said suit, both in the Superior Court and before this court, upon exceptions. When it was finally decided in this court that Driscoll was not an employee of the plaintiff, the defendant for the first time claimed that it was not liable to indemnify the plaintiff for its loss in consequence of the injuries to Driscoll. With the possibility that it might be liable to the plaintiff under the policy, the defendant, for its own purposes, desired to have complete control of the defence in the Driscoll suit. Because of the apparent admission of liability arising from the defendant's conduct, the plaintiff turned over to it such complete control of the plaintiff's interests in said suit, thus depriving itself of any advantage that might arise from a conduct of the matter by its own attorneys in its own way. The defendant cannot be permitted now to say that the plaintiff was not injured thereby, or that the travel and the result of the proceeding would have been the same if the plaintiff had taken charge of the matter for itself. Such claims are based entirely upon conjecture.

The law will not allow the defendant, without rendering itself liable to the plaintiff, to assume these inconsistent positions to the disadvantage of the plaintiff. Counsel for the defendant has argued that in the state of the declaration the plaintiff should not be permitted to recover under the third count unless it can do so in accordance with the doctrine of waiver; because the plaintiff has charged in said count that

the defendant by its action in the Driscoll suit with full knowledge of the facts "waived" the right of objection that said suit was not covered by its policy issued to the plaintiff. The use of the word "waived" in the count does not so restrict the plaintiff. If the facts alleged in the count show a cause of action in the plaintiff, the count should be sustained, whether the plaintiff's right arises from waiver, estoppel, or any other established doctrine of the law. As has been frequently said, the terms "estoppel" and "waiver" are sometimes loosely used interchangeably, especially with reference to situations arising under insurance policies; and the language of a number of cases cited by the plaintiff indicates that the term "waiver" has been applied to conduct similar to that of the defendant in the case at bar. We are of the opinion, however, that, in exact legal terminology, the defendant by its conduct should be said to have estopped itself to deny liability under the policy rather than to have waived any right under the policy. Whether the action of the defendant be termed a "waiver," "estoppel," "quasi-estoppel" or "an election ripening into an equitable estoppel," its liability is based upon the broad equitable principle which courts of law will recognize; that a person with full knowledge of the facts shall not be permitted to act in a manner inconsistent with his former position or conduct, to the injury of another. This doctrine has been frequently applied in cases relating to employer's liability insurance. The defendant's counsel has argued that the doctrine of estoppel cannot be applied in this case because there does not appear by the allegations of the count to have been any misrepresentation or concealment of material facts on the part of the defendant; nor does it appear that the facts were not equally as well within the knowledge of the plaintiff as of the defendant. These objections overlook the distinction between quasi-estoppel and estoppel by misrepresentation.

(3)    "The term 'quasi-estoppel' has been applied to certain legal bars which are in some respects analogous to estoppel *in pais* and which have the same practical operation as an es-

toppel *in pais,* but which nevertheless differ from that form of estoppel in essential particulars. The term includes the doctrine of election, the principle which precludes a party from asserting to another's disadvantage, a right inconsistent with a position previously taken by him, and certain forms of waiver." 16 Cyc. 784.

In *Tozer* v. *Ocean Acc. etc., Corp.,* 94 Minn. 478, the court said: "No doubt appellant acted in good faith, but bad faith is not always necessary to estoppel, and it does not always follow that no estoppel will arise when the party to whom the representation is made has knowledge as to the truth of all the facts. Appellant comes within the rule that a person is precluded from taking, merely because his interests may change, a position inconsistent with the one previously assumed by him and to the prejudice of a third person."

The defendant has also urged that the principle of estoppel cannot be applied to extend the liability of the defendant beyond the terms of the policy and to furnish indemnity to the insured for loss arising from an accident to a person not an employee. The doctrine of quasi-estoppel is broad enough to include such a result, and its application is not restricted, as the defendant urges, to cases where the conduct of the insurer precludes him from insisting upon a forfeiture for the violation of a condition contained in the policy. It is the nature of this principle to extend liability; it is not invoked for the purpose of enforcing a true obligation or one that is clearly defined by the terms of a contract. In this consideration it is not material what the defendant's real liability under the policy was, for by its own election of positions it is now precluded from asserting that its liability was not in accordance with its apparent admissions. In *Employers' Liability Assur. Corp.* v. *Chicago &c. Co.,* 141 Fed. 962, the court said: "The act of the plaintiff in error, in taking control and dominion of the action for damages, and keeping such control and dominion until judgment was entered, without notice to the defendant in error that it did not consider itself liable under the policy—thereby taking from the defendant in error the

control and dominion of the action—is such a construction of the policy, by contemporaneous acts, as estops plaintiff in error from denying liability, now that that action is at an end. To take any other view of this case, would be to hold that the assurer could effectually tie the hands of the assured, in an action that might, or might not, on a close construction of the policy, be covered by the terms of the policy, and then, the cause being determined against it, insist that upon a closer reading of the policy, the assured ought to have been left to make its own defense, and at its own risk.    This cannot be the law."

Other cases, based upon employers' liability insurance contracts, in which the doctrine of estoppel has been applied, are:    *Glen Falls &c. Co.* v. *Travelers' Ins. Co.* 162 N. Y. 399; *Royle Mining Co.* v. *Fidelity &c. Co.* 126 Mo. App. 104; *Globe Navigation Co.* v. *Maryland Casualty Co.* 39 Wash. 299; *Tozer* v. *Ocean Acc. &c. Corp.* 94 Minn. 478; *Tozer* v. *Ocean Acc. &c. Corp.* 99 Minn. 290.

The third count of the amended declaration sets out a cause of action and the demurrer to said count was properly overruled.

We find no reversible error in the ruling of the Superior Court excluding evidence, offered by the defendant, to show that said Driscoll was not in the employ of the plaintiff at the time of the accident.    There was a count in the amended declaration, which alleged that Driscoll was in the employ of the plaintiff at the time of the accident, but the case was plainly tried before the justice of the Superior Court sitting without a jury, upon the third count.    The evidence before the justice fully warranted him in finding that the defendant's conduct precluded it from raising the question as to Driscoll's employment, and in that view it was immaterial whether, in fact, Driscoll was or was not employed by the plaintiff.

The testimony fully warranted the decision of the justice and we find no error therein.

Defendant's exceptions are overruled.

By rescript already filed the case has been remitted to the Superior Court with direction to enter judgment upon the decision.

*Gardner, Pirce, and Thornley,* for plaintiff.
*Charles R. Haslam* of counsel.
*Edwards and Angell,* for defendant.
*William A. Spicer, Jr.,* of counsel.