MICHELE DEPASQUALE *vs.* UNION INDEMNITY COMPANY.

APRIL 7, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

SWEENEY, J.   This is an action of the case in assumpsit
on an automobile liability insurance policy.   After trial in
the Superior Court, and upon the close of the testimony of
both parties, each party made a motion for a directed ver-
dict.   The trial justice denied the motion of the defendant
and granted that of the plaintiff.   Defendant has brought
the case to this court upon its exceptions to these rulings.

Plaintiff was insured by the Great Eastern Casualty
Company against loss from the liability imposed by law upon
him for damages on account of bodily injuries to others
accidentally suffered as a result of the use of his automobile.
The company agreed to investigate such accidents, to negoti-
ate settlement of claims made on account thereof and to
defend suits for damages, even though groundless, brought
on account of such accidents.   Plaintiff is described in the
policy as an undertaker and the policy stated that his auto-
mobile was to be used for "only private uses and business
calls, excluding commercial delivery" and not "to be rented
to others or used to carry passengers for a consideration."

Plaintiff's brother was an undertaker.   April 21, 1918,
plaintiff was hired by his brother to conduct a funeral.
Plaintiff conveyed the bearers in his insured automobile.
While plaintiff was driving the automobile it ran against a
tree and one of the bearers, Amilio, was injured.   Amilio
brought an action against plaintiff and, after trial, recovered
judgment for $6,000.   Plaintiff paid $5,500 to settle the
judgment. He then brought this action against the
defendant (it having assumed the assets and liabilities of the
Great Eastern Casualty Company) to recover the amount
paid to settle the judgment with interest and attorney's
charge.

The declaration is based upon the foregoing facts. Defendant filed several pleas including one to the effect that plaintiff had violated the terms of the policy by renting the automobile and using it to carry passengers for a consideration. This plea was traversed by the replication. Defendant produced no testimony to support this plea.

Defendant also claimed as a defense that plaintiff waived his rights under the policy and was estopped from maintaining an action thereon because he refused to permit defendant to assume the defense of the Amilio action with a reservation that it would not be liable on a judgment for Amilio if it appeared that his injuries arose from a risk excepted by the policy. Waiver is the intentional relinquishment of a known right. Estoppel is conduct or dealings with another by which that other is induced to act or to forbear to act to his disadvantage. *Humes Construction Co.* v. *Philadelphia Casualty Co.*, 32 R. I. 246; *Inventash* v. *Superior Fire Ins. Co.*, 48 R. I. 321.

The evidence does not support the defense of waiver or estoppel. Defendant had notice of the accident to Amilio and of his action against plaintiff. Defendant's attorney interviewed plaintiff relative to the circumstances attending the accident and no testimony was introduced tending to show that plaintiff failed to cooperate with defendant in all matters necessary for the defense of the Amilio action. By the express terms of the policy defendant agreed to defend plaintiff against "suits for damages, even though groundless, brought on account of such accidents." Defendant's attorney notified plaintiff's attorneys by letter that defendant would defend the Amilio action, reserving its right to decline to pay any judgment against plaintiff or to reimburse him for the payment of any judgment if it appeared that the automobile was being used at the time of the accident for business or commercial use, or otherwise, contrary to the terms of the policy. Plaintiff's attorney's notified defendant's attorney there was no evidence that plaintiff rented his automobile the day of the accident;

that they knew of no defense to the Amilio action; that they would look to defendant to pay any judgment recovered against plaintiff and that defendant could defend the action when it was assigned for trial. In consequence of the refusal of defendant to defend the action, plaintiff was obliged to engage an attorney to defend it.

Defendant claims that if it defended the Amilio action without reservation it would be estopped from afterwards denying liability, if it appeared that the accident arose out of an excepted risk, and cites *Humes Construction Co.* v. *Philadelphia Casualty Co.*, *supra*, in support of its claim. In the Humes case it was held that the insurance company, having assumed full control of the defense of an action brought against the assured with full knowledge of the facts and without protest or reservation of any kind, was afterwards estopped from denying liability to the assured upon its policy. In the Amilio action defendant gave written notice to the plaintiff that it would disclaim liability under the policy if it appeared that plaintiff was using the automobile contrary to the terms of the policy at the time of the accident. By this notice defendant made sufficient reservation of its right to assert the defense mentioned in any action by the insured to recover upon the policy. *Meyers* v. *Continental Casualty Co.*, 12 F. 2nd. 52. The defense that plaintiff was operating the automobile in violation of any of the provisions of the policy was not open to defendant in the Amilio action. It could not even be shown that plaintiff was insured. The issue was the negligent operation of the automobile by plaintiff.

In this case defendant had an opportunity to prove that plaintiff violated the terms of the policy by renting his automobile or using it to carry passengers for a consideration. Defendant produced no evidence tending to prove that plaintiff violated the terms of the policy in any particular. Plaintiff testified that he did not receive any pay for the use of his automobile at the funeral and on cross-examination explained why he carried the bearers in his automobile. The

explanation appears to be reasonable. Plaintiff's testimony is not contradicted nor impeached and contains no inherent improbabilities. It follows that the court did not err in directing a verdict for plaintiff on the question of liability.

Defendant's exception to the amount of the verdict must be sustained. By the express terms of the policy defendant's liability was limited to $5,000 for bodily injuries to one person. On this element of damage the verdict was directed for $5,500, the amount paid to settle the Amilio judgment, $500 in excess of the amount payable under the terms of the policy. The verdict also included interest and $250 for attorney's services in defending the Amilio action.

Defendant's exception that the damages awarded by the directed verdict are excessive is sustained; its other exceptions are overruled. Plaintiff may appear before this court April 11, 1930, and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment on the verdict for the amount thereof less $500 with interest thereon from September 15, 1928 to December 20, 1929.

*Knauer & Fowler, DePasquale & Turano*, for plaintiff.
*Boss, Shepard & McMahon*, for defendant.