FRED TOZER and Another v. OCEAN ACCIDENT & GUARANTY
CORPORATION.[1]

November 2, 1906.

Nos. 14,873—(45).

**Evidence.**

Evidence sufficient to sustain the allegations of the complaint, which
upon a former appeal was held to state a cause of action. 94 Minn. 478.

**Assignments of Error.**

Certain assignments of error reviewed, and found to contain no error.

Action by David Tozer to recover $5,219.07, with interest, upon an
employer's liability insurance policy. After his death Fred Tozer and
David Tozer, as administrators of his estate, were substituted as plain-
tiffs. The case was tried before Crosby, J., and a jury, which returned
a verdict against the defendant for $5,777.15. From an order denying
a motion for judgment notwithstanding the verdict or for a new trial,
defendant appealed. Affirmed.

. *Morton Barrows*, for appellant.

*J. N. Searles*, for respondents.

LEWIS, J.

Upon a former appeal the complaint in this action was under con-
sideration, and it was then held that a cause of action was stated show-
ing appellant's liability upon the indemnity contract upon the ground
of equitable estoppel. The principal facts elicited at the trial are simi-
lar to those set out in the complaint and considered in a former appeal,
and need not be repeated here. 94 Minn. 478, 103 N. W. 509. Re-
spondents secured a verdict of $5,000, with interest. As stated in
the former opinion, the action was founded upon the theory that, con-
ceding appellant company was not bound, as a matter of law, by the
terms of its indemnity contract (young Perry having been employed
contrary to the laws of the state, and such cases having been exempted
from the terms of the contract), yet the parties had assumed that the
contract did obligate appellant to the extent of $5,000 in case judg-
ment should be recovered against respondents for that amount; that

the conduct of the litigation having been turned over to appellant, and appellant having taken charge of and conducted the case to its termination, it was estopped from thereafter denying its liability on the indemnity contract.

Upon this appeal appellant presents several assignments of error directed to the charge of the court and the reception of evidence, but we find no error in the case. As to whether the evidence was sufficient to support the verdict, it is only necessary to refer to what the real issue was and to the main facts relied upon by respondents. Whether there was, as a matter of law, liability upon the indemnity contract, is not the turning question in the case. Both appellant and respondents proceeded upon the basis that there was such a liability, and, if appellant did not in fact regard itself as liable under the contract, then, for reasons of its own, it did not choose to assert those rights, or insist upon its nonliability.

As stated in the former opinion, three courses were open to appellant. It might have announced its position at once, and informed respondents that it was not liable. It might have taken charge of the litigation under an agreement with respondents that it was for their benefit, but with the understanding that appellant was not bound by the result, and did not recognize its liability under the indemnity contract by so doing; or it might have taken entire charge of the litigation for purposes of its own, waiving all questions as to its liability. The whole transaction, from beginning to end, proceeded upon one theory alone, viz., appellant, for reasons best known to itself, did not see fit to question its liability, and gave respondents so to understand. The evidence satisfactorily establishes that appellant never intended to raise any question as to its liability; that it did intend to be bound by the indemnity contract, and pay respondents the amount of $5,000 in case judgment should be rendered against them for that amount; and that respondents so understood, acquiesced, and proceeded. Such being the issue, and the evidence being ample to support it, much that is discussed by appellant becomes immaterial. Whether respondents would have suffered greater damage if they had made their own defense, and had proceeded upon the theory that the indemnity policy did not protect them, is not material. If the policy was in force, then the measure of damages was as therein provided.

Fourth assignment. During the examination of respondent he was asked whether or not he understood that the claim for damages was one that came within the terms of the indemnity contract. This was objected to as immaterial, objection overruled, and the witness answered "Yes." Objection to the question is urged upon the ground that, inasmuch as it appears, as a matter of law, that there was no liability on the part of appellant under the indemnity contract, it was immaterial what respondent thought about it. It is true that what respondent may have understood would not change the legal significance of the contract, but his understanding of what was said and done as between him and appellant was material as bearing upon the question at issue.

Fifth assignment. Respondent was also asked whether or not he would have settled the claim for $5,000 had appellant notified him that such an offer had been made on behalf of the injured boy. This was objected to as immaterial, but the answer was permitted over objection. We think the testimony was immaterial. The question at issue would not depend upon what the witness might have done, but we do not think it was prejudicial. The issues of the case were submitted very clearly by the trial court, and the question and answer could have had no effect upon the jury in determining the facts.

Seventh assignment. In the course of its instructions to the jury the court, among other things, said:

> Now this is not an action to recover under the policy of insurance which defendant issued to Tozer at all.

Appellant took exception to this charge as being incorrect. It was technically incorrect, because the liability of appellant rested upon a contract of insurance; but the jury were not misled by the remark, for the court immediately, in the same connection, went on to define the issue, viz., whether or not appellant was estopped and precluded by its conduct from denying its liability.

We deem it unnecessary to consider the other assignments of error. Order affirmed.