CHARLES F. NORTHRUP v. WILLIAM W. HAYWARD.[1]

November 2, 1906.

Nos. 14,904—(46).

**Master and Servant—Verdict.**

In this, a personal injury action, *held*, that the evidence is sufficient to sustain a verdict to the effect that the plaintiff's injuries were caused by the negligence of the defendant, and not by that of an independent contractor; that the trial court did not err in refusing a new trial on the ground of newly-discovered evidence; and, further, that the damages as reduced are not excessive.

Action in the district court for Hennepin county to recover $5,000 for personal injuries. The case was tried before Brooks, J., and a jury, which returned a verdict in favor of the plaintiff for $2,500. From an order denying a motion for a new trial on condition that plaintiff stipulate to accept a reduction of the verdict to $2,000, defendant appealed. Affirmed.

*A. D. Smith, T. D. Schall,* and *F. E. Hobbs,* for appellant.

*F. D. Larrabee,* for respondent.

[1] Reported in 109 N. W. 241.

START, C. J.

Personal injury action. Verdict for the plaintiff for $2,500. The trial court made its order denying the defendant's motion for judgment and his alternative motion for a new trial on condition that the plaintiff stipulate to reduce his verdict to $2,000. He so stipulated, and the defendant appealed from the order. The assignments of error raise three questions: Is the verdict sustained by the evidence? If so, was the defendant entitled to a new trial on the ground of newly-discovered evidence? Are the damages as reduced excessive?

1. It appears quite conclusively from the record that the defendant was on November 18, 1904, the owner of certain premises in the city of Minneapolis; that the plaintiff was then engaged in shingling the roof of one of the buildings thereon, and that without fault on his part he was thrown from the scaffold on which he was standing while engaged in his work to the ground, a distance of some fifteen feet, and thereby seriously injured; that the direct cause of his injury was the defective construction and condition of the scaffold; and, further, that he was fairly entitled to recover damages for his injury from either the defendant or his contractor.

It was the claim of the defendant on the trial that he let the work of shingling the building to an independent contractor, and had no control or supervision whatever over the work or the men doing it. It was the contention of the plaintiff that, although the defendant let the contract for doing the work to a third party, yet he retained the right to direct and control the manner and method of doing the work, and did so. The contractor was called as a witness on behalf of the plaintiff and gave testimony tending to support the claim of the plaintiff. On the other hand, there was evidence on behalf of the defendant tending to support his claim and to discredit the testimony of the contractor. The respective claims of the parties and the law applicable thereto were clearly and concisely submitted to the jury by the learned trial judge. If credence be given to the testimony of the contractor, and of this the jury were the judges, the evidence is sufficient to sustain the verdict. We so hold.

2. The alleged newly-discovered evidence tended to show that the contractor had made statements out of court directly contrary to his testimony given on the trial. The supposed newly-discovered evidence

was impeaching in character. A new trial will not ordinarily be granted to enable the party to avail himself of such evidence. The trial court did not abuse its discretion in refusing a new trial on this ground or on the ground of surprise.

3. The plaintiff by reason of his fall from the scaffold sustained a fracture, near his ankle, of both bones of his right leg, and the ligaments and flesh over them and the ankle joint were torn loose. The evidence tends to show that he has not as yet recovered the normal use of his leg and probably never will. We hold that the damages as reduced are not excessive.

Order affirmed.