HOLLAND LAUNDRY v. TRAVELERS' INS. CO.

(Supreme Court, Appellate Division, Second Department. March 12, 1915.)

INSURANCE ⬥388 — LIABILITY INSURANCE — EXCEPTION — WAIVER AND ESTOPPEL.

Defendant issued its policy against loss by reason of liability for personal injuries, except those "caused or sustained by any person employed by the assured in violation of law as to age," stipulating to defend "suits alleging such injuries and demanding damages therefor, although such suits, allegations, or demands are wholly groundless, false, or fraudulent," and after a servant employed by the insured and under the age of 16 was injured undertook the defense, though it might have refused to defend, but denied its alleged liability, if it brought the case within the exception. The insured asserted the insurer's liability and claimed that the servant had represented that she was over 16, and filed a verified answer, denying upon information and belief the employment of a servant under age, and suffered judgment solely on the ground that the servant, when employed, was under age. *Held,* that the insurer, by assuming the defense, did not waive the benefit of its exception, and was not estopped by its acceptance of the premium on the policy, which continued in force.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1026, 1027, 1030, 1035, 1040, 1057; Dec. Dig. ⬥388.]

Appeal from Trial Term, Kings County.

Action by the Holland Laundry against the Travelers' Insurance Company. From a judgment for defendant, and from an order denying its motion for a new trial, plaintiff appeals. Judgment and order affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Frederick W. Sparks, of Brooklyn, for appellant.

Frank Verner Johnson, of New York City (William J. Moran, of New York City, on the brief), for respondent.

THOMAS, J. The plaintiff employed a servant under the age of 16 years. Upon the sole ground that the employment was illegal, she obtained a judgment against it for personal injury, which plaintiff paid. Plaintiff now seeks to recover the same from the defendant, who had insured the plaintiff against loss by reason of the liability imposed by law for damages on account of such injuries, except those "caused or sustained by any person employed by the assured in violation of law as to age."

---

The plaintiff urges that defendant, by assuming the control of the action and continuing it after information that the servant at the time of injury was under the age of 16, waived the benefit of the exception. In the policy of insurance the defendant stipulated to defend "suits alleging such injuries and demanding damages therefor, although such suits, allegations, or demands are wholly groundless, false or fraudulent." That agreement did not apply to illegal hiring. But how, without trial and judicial ascertainment of the facts, could the fact of age be known? It it alleged in the complaint, but the allegation may be untrue, and, if untrue the insurer must defend. Investigation showed that the servant stated to this defendant's agent that she was under 16, and that she claimed to have so stated when employed. But the plaintiff's general manager assured defendant's investigator that she had represented herself to be over 16 years of age. Such attitude he maintained. The defendant could have refused to defend. But that would be at the peril of proving that the case fell within the exception. The alternative was to assume control, and to defend, and, by notice to the assured, disclaim liability if the case proved within the exception. The policy was alive and demanded fulfillment; the exception was inoperative, unless the actual facts proven brought the case within it.

It is insisted that the defendant should have disclaimed the duty of defense, and tendered the conduct of the case to the plaintiff, or have notified the assured that the insurer invoked the benefit of the exception. The plaintiff's general manager received service of the notice under the Employers' Liability Act (Consol. Laws, c. 31), as well as of the summons and complaint, which stated as one ground of liability the illegal employment. He verified the answer on August 23, 1910, denying upon information and belief the employment of the servant under age, and in such verification stating the grounds of belief "are investigations which this deponent has caused to be made concerning the subject-matter of this action, and information acquired by him during the course of his duties as an officer of the said corporation."

On September 26, 1910, the defendant, in writing to the plaintiff, referred to the allegation in the complaint that the servant was illegally employed, with ample notice that if it should be so proven the employer would bear the burden of the verdict, with the statement that the insurer would endeavor to defeat the allegation, and on January 23, 1912, the present defendant's adjuster again wrote this plaintiff that the day of trial was approaching, and disclaimed liability if there was violation of law in the employment. After referring to the evidence that was obtainable to show that the servant was of an employable age, the plaintiff was warned that the case was dangerous, and invited expression of its wishes for a settlement, with a promise, upon being advised, to take up the matter with the servant's attorney. On January 24th the new manager for the plaintiff answered that he would refer the matter to the president of his company, and added:

"I believe from what I hear that it will be very easy to prove that this girl has always claimed to be over 16 years old."

Meanwhile there had been conversation between the agents of the insurance company and the general manager, in which the latter was informed of the results of investigations, and indeed the manager co-operated to obtain information, especially concerning the circumstances of the accident, and the manager continued his assurances of the servant's representations as to age at the time of employment. In February or March, 1911, Mr. Reid, for the present defendant, suggested to the servant's lawyer a possible settlement upon the payment of $1,-000, but the latter demanded $3,000. Early in 1912 the plaintiff's president was informed of the demand of $3,000 made by the servant's lawyer to settle the case, and later visited the present defendant's adjuster, Mr. Reid, in New York. Mr. Miller was accompanied by Mr. Blakely and Mr. Lee. The latter was the person who customarily had attended to the insurance business of the plaintiff, and to whom the president had referred such communications as he had received from the defendant, with the result that Lee had correspondence with the insurance company and showed the various communications from it to President Miller, with whom he had conversations about them. The president was familiar with the statute respecting the illegal employment of infants. He knew of the clause in the policy, and of the position of the insurance company concerning it.

At the meeting in New York the president maintained that the insurance company was liable on the policy, where the employer had used all means to discover the age of a girl and had not willfully hired her under age. He understood that the question was one to be litigated, and he argued that if his company did not know the girl was under 16 years of age the policy covered the loss, and he contended that the insurance company under its policy had agreed to defend the suit. It was during this visit at New York that President Miller visited the office of Mr. Johnson, counsel for the insurance company, for the purpose of hearing what the intended witnesses would say, whereupon some of them were questioned. So that it appears that, a short time after the action was brought, the defendant took its position with reference to the exception. It maintained it consistently to the end. It kept the plaintiff fully informed of whatever evidence was discovered, and was constantly encouraged to prepare the defense by the plaintiff's assurance that compliance with the law could be proven.

The plaintiff not only did not suggest intervention for the purposes of defense, much less withdrawal of the case from the control of the insurance company, but rather insisted that the facts brought the case under the policy, and the president at all times maintained that the company was liable under the policy according to his construction of the law. The defendant could only pursue its ordinary course of conducting the case. The defendant did receive an offer of settlement, and sought to show that it transmitted it over the telephone to the general manager, but the evidence was excluded. However, when President Miller came to New York, he was apprised of the offer. He did not suggest that the question of settlement be resumed, but maintained his position that the laundry company was justified in the employment and that the defendant was liable under the policy.

The facts are peculiarly similar to those in Mason-Henry Press v. Ætna L. Ins. Co., 211 N. Y. 489, 105 N. E. 826. This case falls within the authority of that decision. The defendant was not estopped by accepting the premium on the policy, which continued in force. The servant alleged liability upon other grounds than that of employment under legal age.

The judgment and order should be affirmed, with costs. All concur.