## Lockwood et al. *v.* The Aetna Life Insurance Co.

*Master and servant — Illegal employment — Employers' liability insurance — Knowledge of non-age of employe — Liability of insurance company to insured employer.*

While it is true that it would be necessary to show that an employer had knowledge of the non-age of an employe, in order to render him guilty of a misdemeanor in such employment, and subject to the fine and imprisonment provided by law, yet such knowledge is not necessary in order to make the employment illegal for the purpose of a suit for personal injuries or under the terms of an indemnity policy referring to illegal employment.

(Decided July 3, 1917.)

Error: Court of Appeals for Hamilton county.

*Messrs. Robertson, Buchwalter & Oppenheimer,* for plaintiffs in error.

*Messrs. Paxton, Warrington & Seasongood,* for defendants in error.

Jones, P. J.    This is an action brought by plaintiffs in error, Edwin F. and Harry Lockwood, partners, as plaintiffs, against defendant in error, as defendant, under a policy of manufacturers' employers-liability insurance, in which plaintiffs seek to recover the amount of the judgment and costs obtained against them for damages on account of bodily injuries accidentally suffered by a child employed in their factory, by reason of the operation by him of a stamping-press machine used in stamping tinware.

The injured boy, Arthur J. Ruschell, by his guardian, brought an action for his damages by reason of personal injuries suffered during the operation of said stamp press; and George Ruschell, the father of said boy, also brought an action on his own behalf for loss of services of his infant son by reason of said injury.

Upon the happening of said accident the insurance company was notified by the employers, and upon the filing of the suits copies of the summons in said cases were sent to defendant in accordance with the requirements of their indemnity insurance policy. Thereupon the agents for the insurance company advised plaintiffs of the possible illegal employment of Ruschell, whereupon the plaintiffs answered they were advised that the age was not the important feature of the case, and stated further, "However, we feel we can prove his age." It appears, however, that the boy was fourteen years and four months of age at the date of the happening of the accident, and the defendant was unable to prove to the contrary, although it had been reported to it at the time of the employment that he was fully sixteen years of age.

The defendant claims to have accepted the case and taken charge of its defense, through its attorneys, with the understanding, that, if it appeared at the trial that the statute was violated in the employment of Arthur Ruschell, it would not be responsible for the expenses incurred or for any judgment taken. There is a dispute between the parties as to whether or not these conditions were accepted. At any rate, counsel for the defendant company filed an answer in each case. One case

went to trial and was partly heard, when, because of misconduct of one of the jurors, the jury was discharged and the case continued. Afterwards other counsel employed by plaintiffs were associated with those of the insurance company, and it appearing to the insured that the insurance company would take the position ultimately that the accident and injury were not covered by its policy, an agreement was made, in the form of a stipulation, and filed in the Ruschell suit, as follows:

"Whereas, The Aetna Life Insurance Company of Hartford, Connecticut, by their policy No. E. 20952 (Accident and Liability Department) did thereby insure the defendants in the above entitled cause from the 15th of August, 1905, to the 15th of August, 1906, against loss or expense arising or resulting from claims upon them for damages on account of bodily injuries accidentally suffered by reason of the operation of the trade or business described in said policy; and

"Whereas, the trial and defense of the above entitled cause is now being conducted by the said Aetna Life Insurance Company on behalf of the defendants, in pursuance of the terms of said policy, but that nevertheless, the said The Aetna Life Insurance Company does contend that the injury to the plaintiff in the said suit was not covered by their said policy, and that said company is not subject to protect any recovery in the case, while the defendants claim that it was covered by the policy and the said insurance company is liable for any recovery.

"Now Therefore, it is agreed and stipulated by and between The Aetna Life Insurance Company

and the defendants in the above suit, that they do hereby consent to a verdict being returned by the jury assessing the plaintiff's damages at the sum of $1200.00; and that a judgment may be entered thereon for that amount, from which no appeal or proceedings in error shall be taken; and all of which, together with the payment and satisfaction of said judgment by either party shall be without prejudice to the question, whether said accident and loss was covered by said policy of insurance, and the rights and liability of the parties to said insurance contract.

"Cincinnati, Ohio, this 3rd day of June, 1909

"THE AETNA LIFE INSURANCE COMPANY
"*By T. B. Paxton, Jr.,*

"THE LOCKWOOD MANUFACTURING COMPANY
"*By C. D. Robertson, its Atty.*

"The same agreement, terms and conditions apply to the suit of the father against the defendants, where the consent verdict is for $300.00.

"THE LOCKWOOD MFG. Co.,
"*By C. D. Robertson, Atty.*"

At the same time this stipulation was agreed upon a settlement was effected by the attorney for the Lockwoods, and they afterwards paid the judgments in both of these cases together with costs, and, as stated above, this suit is to collect same from the insurance company.

When the accident occurred to Ruschell the act of April 8, 1890 (87 O. L., 161; Section 6986-1,

Revised Statutes), was in force, and was as follows:

"No child under the age of sixteen years, shall be employed by any person, firm, or corporation in this state, at employment whereby its life or limb is endangered, or its health is likely to be injured, or its morals may be depraved by such employment."

The record clearly shows that Arthur Ruschell had not reached the age of sixteen years at the time of the accident. Regardless of the belief of the employers and the representations made by the minor to them, his employment was contrary to this statute, and was not covered by the policy of indemnity. While, as argued by plaintiffs, it is true it would be necessary to show that the employers had knowledge of the non-age of the employe, in order to render them guilty of a misdemeanor in such employment, and subject to the fine and imprisonment provided by Section 6986-2, Revised Statutes, yet such knowledge is not necessary in order to make the employment illegal for the purpose of the suit for personal injuries or under the terms of the indemnity policy in question. *Breckenridge* v. *Reagan,* 22 C. C., 71; *Braasch* v. *Mich. Stove Co.,* 153 Mich., 652; *American Car & Fdy. Co.* v. *Armentraut,* 214 Ill., 509; *Krutlies* v. *Bulls Head Coal Co.,* 249 Pa. St., 162 (L. R. A., 1915F., 1082); *DeSoto Coal M. & D. Co.* v. *Hill,* 179 Ala., 186; *Inland Steel Co.* v. *Yedinak,* 172 Ind., 423, 87 N. E. Rep., 229; *Holland Laundry* v. *Travelers' Ins. Co.,* 152 N. Y. Supp., 92, and *Buffalo Steel Co.* v. *Aetna L. Ins. Co.,* 136 N. Y. Supp., 977.

A case almost similar in its facts and the questions involved is the case of *Aetna Life Ins. Co.* v.

*Tyler Box & Lumber Mfg. Co.,* 149 S. W. Rep. (Tex. Civ.), 283.

The record in this case fails to show that the plaintiffs were in any way misled to their injury by the conduct of the defendant company in assuming the defense of the Ruschell cases. It shows further that the settlement of those cases was made not by counsel for the insurance company, but by their own counsel; and, regardless of whether or not they had fully understood and agreed to the original conditions under which the insurance company undertook the defense, that the judgments were entered with full understanding is shown by the stipulation agreed upon that the insurance company was at liberty to contest its liability.

Objection is made to rulings of the trial court upon the admission of evidence. It appears that the testimony of Arthur J. and George Ruschell was read from a transcript of their testimony given at the former trial of the case, without any reason for so doing being stated to the court. While the testimony shows that at the time it was given the witnesses were beyond the jurisdiction of the court, six years had intervened, and, in the absence of any statement in proof of nonresidence, we cannot assume its continuance for that length of time. We think, therefore, that it was error in the court to permit the reading of that testimony without proper showing first made. But there is nothing in this testimony, under the facts as shown and the law as we view it, that would make this admission of such substantial prejudice to the plaintiff in error as to require a reversal.

Upon the record as made this court is of the opinion that it was the duty of the trial court to direct a verdict in favor of the defendants; and, finding no errors to the substantial prejudice of plaintiffs in error, the judgment is therefore affirmed.

*Judgment affirmed.*

GORMAN and HAMILTON, JJ., concur.