## MEYERS v. CONTINENTAL CASUALTY CO.[*]

(Circuit Court of Appeals, Eighth Circuit. March 6, 1926.)

No. 6988.

1. Insurance ⟨⟩⟩388(5)—Liability insurance company, having taken control of action for damages brought by injured employee against insured, with knowledge of ground of liability, without notice to insured that it does not consider itself liable, is estopped to deny liability.

Where liability insurance company, having issued policy to indemnify employer for injuries to employees, takes control of action for damages brought by injured employee under terms of policy, or keeps such control after full notice of ground of liability, without giving notice to insured that it does not consider itself liable under policy, it is thereby estopped to deny its liability.

2. Insurance ⟨⟩⟩388(5)—Liability insurance company, having undertaken defense of action by employee against insured, after giving notice to employer that it would disclaim liability on establishing facts showing that liability was not covered by policy, does not waive such defense.

Where liability insurance company, on notice to it that employer's liability to employee may not be covered by policy, promptly notifies insured that it will disclaim liability if certain facts are ultimately established, and insured after such notice makes no objection to defense of action by insurer, then such defense does not constitute waiver of provisions of policy, and does not estop it from asserting them in action by insured to recover on policy.

3. Insurance ⟨⟩⟩388(5)—Liability insurance company, having conducted defense in action brought by injured employee, after giving notice to insured that it would disclaim liability if it should be proved that employee was employed in violation of law, held not to have waived such defense.

Where liability insurance company, on being advised that injured employee was under 16 years of age and employed in violation of law, notified insured that if such proved to be

*Rehearing denied July 9, 1926.

a fact it would disclaim liability under policy, and would conduct defense to employee's action on such condition, but did not waive provision of policy exempting it from such liability, it was not estopped to assert such provision as defense to suit by insured to recover on policy.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Davis, Judge.

Suit by William H. Meyers against the Continental Casualty Company. From a decree dismissing the bill without prejudice to an action at law, plaintiff appeals. Affirmed.

George T. Priest, of St. Louis, Mo., for appellant.

William R. Gentry, of St. Louis, Mo. (M. F. Watts, of St. Louis, Mo., on the brief), for appellee.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is a suit for specific performance of a contract of indemnity insurance, brought by William H. Meyers (hereinafter called plaintiff) against Continental Casualty Company, a corporation (hereinafter called defendant).

The plaintiff was engaged in the manufacture of wooden boxes and crates in the city of St. Louis, Mo. On November 2, 1921, he purchased from the defendant the policy of insurance on which this suit is predicated. The portions of the policy material to this inquiry read as follows:

"Period of policy shall be from November 2, 1921, to November 2, 1922.

"The Continental Casualty Company hereby agrees:

"(A) To indemnify the herein named assured against loss from the liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered within the policy period by any employee or employees of the assured, while within or upon the premises described in the schedule or the ways immediately adjacent thereto, by reason of the operation of the trade or business described in the schedule. * * *

"(B) To make a thorough investigation of all accidents reported to the company to which this policy applies.

"(C) To defend in the name and on behalf of the assured any suits, even if groundless, brought against the assured to recover damages on account of such bodily injuries as are described above, unless the company

shall elect to effect settlement thereof. * * *

"2. The company shall have the exclusive right to contest or settle any of said suits or claims, and the assured shall not incur any expense * * * or settle any claim or suit without the written authority of the company. Except as requested by the company, the assured shall not interfere in any way respecting any negotiations for the settlement of any claim or suit or in the conduct of any legal proceedings. * * *

"3. This policy does not cover loss on account of injuries or death caused or suffered by any * * * employee * * * employed in violation of law as to age. * * *

"7. No action shall be maintained against the company under this policy, unless it be for the recovery of money actually paid by the assured in full satisfaction of a judgment against the assured after trial of the issue. * * *"

Theodore Hadaller was employed by plaintiff at his manufacturing establishment in St. Louis. On September 23, 1922, Hadaller suffered injuries while operating, in the course of his employment by plaintiff, a circular saw driven by mechanical power. On November 14, 1922, Hadaller brought an action against the plaintiff in the circuit court of the city of St. Louis to recover damages on account of such injuries. Hadaller's petition contained two causes of action. In his first cause of action, Hadaller alleged, among other things, that plaintiff was negligent in failing to properly guard the saw, in failing to furnish Hadaller a safe place in which to work, in failing to warn him of the danger incident to his work, and in failing to instruct him how to use the saw, and that such negligence was the direct and proximate cause of his injuries. In his second cause of action Hadaller alleged, in addition to the matters set up in his first cause of action, that he was under the age of 16 years to wit, of the age of 14 years, at the time of the accident, and that his employment by plaintiff to work at such saw was prohibited by the statutes of the state of Missouri. On November 17, 1922, plaintiff was served with a summons and copy of the petition in the Hadaller suit. He immediately delivered the same to the defendant.

At the time plaintiff employed Hadaller, the latter furnished plaintiff with a certificate indicating he was then 16 years of age. On November 16, 1922, E. L. Frohardt, superintendent of the board of education at Granite City, Ill., furnished a certificate

to the defendant to the effect that, according to the records of such board of education, Hadaller was born February 3, 1906. On November 14, 1922, Hadaller filed a petition in the circuit court of the city of St. Louis for the appointment of a guardian ad litem, setting up therein that he was "fourteen and eleven-twelfths" years of age. This petition was sworn to by his mother, Maria Hadaller.

On December 6, 1922, Watts & Gentry, attorneys for the defendant, filed an answer and a motion to elect in behalf of Meyers in the Hadaller case. On December 7, 1922, the defendant, by its attorneys, addressed and forwarded to the plaintiff the following letter:

"We are attorneys for the Continental Casualty Company of Chicago, with which you carry a liability policy covering the operation of your factory in this city. A boy named Hadaller was injured in your plant on the 25th day of September, 1922, and has brought suit to recover damages for such injuries. There is a slight error in the name under which he has sued you, but that error is so slight that it can easily be corrected by leave of court.

"The Continental Casualty Company has called our attention to the fact that a controversy exists as to the exact age of this boy at the time of his injury. It is claimed by the boy that he was under 16 years of age. A certificate from the superintendent of the board of education at Granite City, Ill., says that the records of the board show that the boy was born on February 3, 1906. If that record is correct, the boy was over 16 years of age when he was injured. If the plaintiff's contention is correct, then he was employed contrary to law, and since the insurance company policy issued to you provides in substance that it shall not be liable for injury to an employee employed by you contrary to the law relating to age of minors who may be employed in this state, the insurance company will not be liable if it is established at the trial that the boy was unlawfully employed by you.

"In view of these facts, the Continental Casualty Company, through us, as its attorneys, hereby notifies you that, if investigation discloses the fact that the boy was employed by you at the time of his injury in violation of the law of this state as to age, then his case is not covered by the policy of insurance issued to you by the Continental Casualty Company, and that company will decline to pay any judgment rendered against you in favor of the plaintiff.

"In the meantime, until such controversy is settled, the company tenders you the service of its claim department for investigation and its attorneys for the defense of the case without charge to you up to the time that the question of age is determined. In so tendering you the services of its claim department and legal department, it must be distinctly understood that the insurance company does not thereby waive any of the provisions of the policy above referred to. If you are not willing to accept the services of the claim department and the law department of the insurance company during the making of such investigation on the terms herein stated, then please notify us at once, for we do not want to be put into the position of waiving any provision of the policy."

Plaintiff received the above letter in due course of mail, but made no reply thereto. On December 22, 1922, plaintiff called at the office of Watts & Gentry, attorneys for the defendant, and there discussed with William R. Gentry the contents of the above letter and the subject of the nonliability of the defendant if Hadaller was under the age of 16 years at the time he was injured. Gentry advised plaintiff that, if it should be determined that Hadaller was under 16 years of age at the time of the injury, the defendant would disclaim liability and would decline to go on with the defense of the action. Plaintiff stated to Gentry that, should the defendant decide not to continue with the defense on account of Hadaller's age, he would want to employ Gentry to continue the defense of the case for him. Gentry advised plaintiff that he would be glad to do so, unless there was some conflict between the plaintiff and defendant, but in event of such conflict, being counsel for the defendant, he would have to represent it.

On April 10, 1924, the Hadaller case came on for trial. The evidence showed conclusively that Hadaller was under 16 years of age at the time he was injured. After the evidence had been completed at the trial, and prior to the argument of the case, the defendant, through its counsel, addressed and delivered to the plaintiff the following letter:

"April 11, 1924.

"In re Theodore George Hadaller, by Next Friend, v. Wm. H. Meyers, Doing Business as Sterling Box Co.

"Evidence offered by the plaintiff this morning having clearly established without contradiction for the first time that the plaintiff, Theodore George Hadaller, was under the age of 16 years at the time when he

was injured in your factory, and that contrary to the provisions of the statutes of this state the said Theodore George Hadaller was engaged in the operation of a power driven machine known as a jointer, this is to advise you that the Continental Casualty Company now hereby finally disclaims all liability under its insurance policy carried by you for damages resulting from such injuries to said Theodore George Hadaller, and will decline to pay any judgment that may be rendered against you on account of such injuries having been sustained by said Theodore George Hadaller.

"The Continental Casualty Company will, of course, pay its attorneys for their services rendered in the handling of said case up to this time and throughout the present trial, which is now going on in the circuit court of the city of St. Louis, division No. 6, inasmuch as you could not procure other counsel who could properly take hold of the case and finish the trial. But, after the completion of the present trial, all attorney's fees and other expenses incurred in the case will have to be taken care of by you individually."

Hadaller obtained a verdict against the plaintiff for $15,000. Plaintiff then employed new attorneys to represent him in the case. They filed a motion for a new trial, and the court ordered a remittitur for $6,000. Hadaller accepted the remittitur, and judgment for $9,000 was entered.

On May 5, 1924, the plaintiff commenced this suit. As a basis for equitable relief, he alleged that his manufacturing business was valuable as a going concern only, and that out of it he was able "to make a living for himself and his family"; that he had no funds with which to pay the Hadaller judgment; that he was unable to give an appeal bond, so as to appeal from such judgment; that a motion for a new trial filed in the Hadaller case had been overruled; that Hadaller was entitled to execution on such judgment, and in due course would have such execution issued; that the levy of such execution against him would "result in the loss of his business, which, as a going concern," exceeded "by many thousands of dollars the amount of the judgment"; that he had no adequate remedy at law; and that, unless the defendant should be compelled to "take charge of" the Hadaller case, "furnish an appeal bond therein, satisfy such judgment, and protect plaintiff against a levy of execution thereon, as in its policy" it had agreed to do, "plaintiff would be irreparably damaged in his business to the extent of many thousands of dollars in excess of any sum that he might be able to prove and to secure against defendant under the terms of the policy in an action at law."

To plaintiff's bill of complaint, defendant filed its answer, in which it set up three defenses:

First, that the plaintiff had an adequate remedy at law;

Second, that Hadaller at the time of his injuries was under the age of 16 years, and that his employment by plaintiff in the operation of a power driven saw while under the age of 16 years was expressly forbidden by the laws of the state of Missouri; and,

Third, that plaintiff had not paid any money in satisfaction of the Hadaller judgment.

The second and third defenses were based upon paragraphs numbered 3 and 7, respectively, of the policy quoted above.

To this answer the plaintiff filed a reply, in which it set up that the defendant had waived the provisions of the policy with reference to employment in violation of law by assuming the defense of the action after knowledge of the claim made by Hadaller that he was under 16 years of age at the time of his employment and accident, and that it had waived the "no action" provision of the policy by refusing to continue the defense of the Hadaller action after verdict, and by denying its liability under the policy.

The trial court held that the plaintiff was not entitled to relief in equity, and entered its decree dismissing the bill without prejudice to an action at law, basing its decision on the first and third grounds of defense.

It is clear that plaintiff's liability to Hadaller was on account of injuries received by Hadaller while employed by plaintiff in violation of law. Such fact was a complete defense to plaintiff's action, unless defendant waived the provision above quoted from paragraph numbered 3 of the policy and estopped itself from asserting the same. Referring to such provision counsel for plaintiff in his brief said: "Unless this provision has been waived by the casualty company appellant is not entitled to recovery." Since the second defense, if established, is decisive of the case, we will consider it first.

[1, 2] Where a liability insurance company, which has issued a policy to indemnify an employer from loss from liability imposed by law on account of injuries suffered by his employees, under the terms of the policy either takes control and dominion of an action for damages brought by an injured employee against the insured or keeps such control and dominion, after full knowledge of

the ground of liability, without giving seasonable notice to the insured that it does not consider itself liable under the policy, it is thereby estopped to deny its liability. Tozer v. Ocean Accident & Guarantee Corporation, Ltd., 94 Minn. 478, 103 N. W. 509, 99 Minn. 290, 109 N. W. 410; Empire State Surety Co. v. Pac. Nat. Lbr. Co. (C. C. A. 9) 200 F. 224, 118 C. C. A. 410; Royle Mining Co. v. Fidelity & Casualty Co., 126 Mo. App. 104, 103 S. W. 1098, 161 Mo. App. 185, 142 S. W. 438; Humes Construction Co. v. Philadelphia Casualty Co., 32 R. I. 246, 79 A. 1, Ann. Cas. 1912D, 906; Employers' Liability Assur. Corporation v. Chicago & B. M. C. & C. Co. (C. C. A. 7) 141 F. 962, 73 C. C. A. 278; Rieger v. London Guarantee & Accident Co., 202 Mo. App. 184, 215 S. W. 920; note Ann. Cas. 1912D, 909.

Where, however, the liability insurance company, upon notice to it that the employer's liability to the employee may not be covered by the policy, promptly notifies the insured that if certain alleged facts occurred the policy does not cover loss on account of such liability, that if the occurrence of such facts is ultimately established it will disclaim liability under the policy, and that the defense of the action by it is not to be understood as a waiver of the provisions of the policy, and the insured, after such notice, makes no objection to the defense of the action by the insurer, then such defense by the insurer does not constitute a waiver of the provisions of the policy and does not estop it from asserting them in an action by the insured to recover upon the policy. Mann et al. v. Employers' Liability Assur. Corporation, 123 Minn. 305, 143 N. W. 794; Mason-Henry Press v. Ætna Life Ins. Co., 211 N. Y. 489, 105 N. E. 826; Buffalo Steel Co. v. Ætna Life Ins. Co., 156 App. Div. 453, 141 N. Y. S. 1027, 215 N. Y. 638, 109 N. E. 1067; Holland Laundry v. Travelers' Ins. Co., 152 N. Y. S. 92, 166 App. Div. 621, 221 N. Y. 698, 117 N. E. 1071; United Waste Mfg. Co. v. Maryland Casualty Co., 85 Misc. Rep. 539, 148 N. Y. S. 852, 153 N. Y. S. 1148, 169 App. Div. 906; Sargent Mfg. Co. v. Travelers' Ins. Co., 165 Mich. 87, 130 N. W. 211, 34 L. R. A. (N. S.) 491; Ford Hospital v. Fidelity & Casualty Co., 106 Neb. 311, 183 N. W. 656, 659; Edgefield Mfg. Co. v. Maryland Casualty Co., 78 S. C. 73, 58 S. E. 969; London Guarantee & Accident Co. v. Siwy, 35 Ind. App. 340, 66 N. E. 481; Joseph Gordon, Inc., v. Massachusetts Bonding & Ins. Co., 229 N. Y. 424, 128 N. E. 204; American

Cereal Co. v. London Guarantee & Accident Co. (C. C. A. 7) 211 F. 96, 128 C. C. A. 24. See also Tozer v. Ocean Accident & Guarantee Corporation, supra, 94 Minn. 478, 103 N. W. at 511, and 99 Minn. 299, 109 N. W. at 411; Royle Mining Co. v. Fidelity & Casualty Co., supra, 161 Mo. App. 185, 142 S. W. at 442; notes, 34 L. R. A. (N. S.) 491, Ann. Cas. 1912D, 910, and 36 C. J. p. 1078.

In the instant case, if the allegations as to Hadaller's age had been untrue, and he had been entitled to recover upon any one or more of the grounds of negligence alleged in his first cause of action, it would have been the duty of defendant under the policy to defend the Hadaller suit and to pay any loss resulting to plaintiff on account thereof. The certificate shown to plaintiff at the time he employed Hadaller and the certificate obtained by the defendant after the Hadaller action was commenced indicated that Hadaller was more than sixteen years of age at the time he was injured. On the other hand, the petition of Hadaller for the appointment of a guardian ad litem and his petition in the action for damages indicated that he was under 16 years of age at the time he was injured. Clearly there was a controversy as to Hadaller's age. When the summons and petition in the Hadaller suit were served upon plaintiff he delivered them to the insurance company, and took the position that it should defend the action.

In Mason-Henry Press v. Ætna Life Insurance Co., supra, the court said:

"When the employee made his claim for damages against the insured basing such claim on various grounds which were covered by the policy of insurance, and also, on the alleged violation of law which was not covered thereby, the insurer had a choice between two courses of action which would preserve the limitation on its liability which has been referred to. It could regard simply the charge of violation of law by the insured and refuse to defend the action, taking its chances that this sole ground of liability, if any, would be established, and for which it would not be liable. On the other hand, it could proceed with the defense of the action under an understanding with or notice to the insured, express or implied, that it would defend against all allegations of fault, and that, if in the end it should come out that the only allegation sustained was the one of violation of law, its rights should be preserved and it should not be liable.

"It could hardly be expected that the respondent would take the first course. As

has been stated, various grounds of negligence were alleged which were covered by the policy, and the insured insisted from the outset that it had not violated the law in hiring the boy, and that therefore this allegation of fault was untrue. Under such circumstances, I think that the insurer, as a matter of safety to itself and of fairness to the insured, was bound to undertake the defense of the action for the benefit of both and of each. But I think that the respondent did all that was necessary and all that it could do to preserve and assert its rights under the exemption or condition, while thus proceeding with the defense of the case. Of course, there was no method by which it could compel the insured to make an explicit agreement of the kind above suggested covering this subject. All it could or was bound to do was to fairly and reasonably assert its rights under the policy in such a manner as would be notice to the insured that it did not intend to waive those rights by proceeding with the defense of the action. This it did. At the very outset it called to the attention of the insured the allegation of the employee that he was being employed in violation of law and that if such proved to be the case 'this case would not fall to us for attention.' "

[3] The defendant in the instant case brought itself clearly within the requirements laid down by the New York court. It advised plaintiff of the provision of the policy with reference to injury to an employee employed in violation of law, and notified him that it would not be liable if Hadaller was under the age of 16 years at the time he was injured, and that, if such proved to be the fact, it would disclaim liability under the policy. It further notified plaintiff that, until Hadaller's age was determined, it tendered plaintiff the services of its claim department for investigation and the services of its attorneys for the defense of the case without charge, but advised him it should be distinctly understood that in so doing it did not waive the provision of the policy above referred to, and that, if plaintiff was not willing to accept such services on the terms stated, he should notify it at once, as it did not want to be placed in the position of having waived any provision of the policy. In all of the foregoing defendant acted promptly. Plaintiff made no objection, but impliedly assented to the defense of the Hadaller action by the attorneys for the defendant. His statements to the attorneys for the defendant, if not an express, were at least an implied,

assent to the conditions upon which such services were tendered. He was apparently so satisfied to have the attorneys for the defendant represent him in the Hadaller action that he indicated his desire to employ them personally if their services should be withdrawn by the defendant. He was not prevented from employing other counsel. He accepted the services of counsel for the defendant. He co-operated with them in the defense of the Hadaller action. He received the benefit of their services. Under the circumstances, the action of the defendant in furnishing the services of its attorneys and its claim department to defend the Hadaller action could not possibly have led plaintiff to believe that it admitted liability under the policy if Hadaller was employed in violation of law at the time he was injured.

Counsel for plaintiff cite and rely upon the following cases: Employers' Liability Assur. Corporation v. Chicago & B. M. C. & C. Co., supra; Rieger v. London Guarantee & Accident Co., supra; Royle Mining Co. v. Fidelity & Casualty Co., supra; Tozer v. Ocean Accident & Guarantee Corporation, supra; Fairbanks Canning Co. v. London Guarantee & Accident Co., 154 Mo. App. 327, 133 S. W. 664. In each of the above cases the insurer proceeded with the defense of the action without any reservation of the right to disclaim liability, and without seasonable notice to the insured that it would disclaim liability, in the event of the establishment of facts which would exclude the loss from the provisions of the policy, and by its actions led the insured to believe that it admitted liability. In Royle Mining Co. v. Fidelity & Casualty Co., supra, the court said:

"When the insurer undertakes the control of the defense of an action brought by the injured person against the insured, with full information of the character of the action, *and without any reservation or notice to the insured that it did not intend to waive such objection*, it will be deemed to have waived the objection that the liability was not within the terms of the insurance policy." (Italics ours.)

See, also, note, 34 L. R. A. (N. S.) 492.

We conclude that defendant did not waive the provision of its policy above referred to, and is not estopped to assert such provision and the employment of Hadaller contrary to law as a defense to the present suit.

It is unnecessary to notice the other defenses set up by defendant.

The decree is affirmed.

STONE, Circuit Judge (concurring). In concurring in the above opinion, I wish to emphasize that I do so because, as stated therein, plaintiff consented to the defense of the action by the attorneys of the defendant upon the conditions set forth in the letter of December 7, 1922.

The right of exclusive control of this personal injury litigation was of very great importance both to Meyers and to the company. If the company was to assume the liability (within the meaning of the policy) it was of great importance to it that it should control this litigation with full power to settle or to conduct it in its own way. If the company was to renounce all liability and Meyers was compelled to assume that burden, it was of equal importance to him to have this same power of exclusive control. As the policy gave the company this right of exclusive control, if it assumed liability the corresponding duty rested upon it to determine seasonably whether it would do so or not and to notify Meyers of its decision. The contract required it to act with reasonable diligence, under the attendant circumstances, to ascertain and define its position toward that liability. If it had notice of facts upon which it would rely to disclaim liability, it must act with reasonable promptness after obtaining such knowledge. Also, if it had notice of facts which would reasonably raise a doubt in its mind as to the existence of facts upon which its liability under the contract would depend, it was its duty to investigate those facts with reasonable diligence and act with reasonable promptness upon the results of such investigation.

However, the defendant set forth its proposed line of action and plaintiff acquiesced therein. Such action upon his part prevents him from urging an estoppel or waiver based upon such line of action to which he consented.